UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

In re:

MICKEL JOHNSON,

Debtor.

Bankruptcy Case No. 26-10501 TBM
Chapter 13

---

**ORDER FOR COMPLIANCE AND NOTICE TO DEBTOR**

---

THIS MATTER comes before the Court on the "Emergency Motion for Turnover" (Docket No. 8, the "Turnover Motion") and the "Notice of Bankruptcy Filing, Automatic Stay, Demand to Cease Auction, and Request for Turnover" (Docket No. 9, the "Notice and Demand") filed by Daniel Stephen Butler (the "Debtor") on January 30, 2026.

In the Turnover Motion, the Debtor seeks to compel the turnover of property of the estate – namely, a 2011 Dodge Charger (the "Vehicle"), which, he asserts, was repossessed by Aurora Federal Union ("Creditor") and/or All-Star Retrievers ("Agent") pre-petition pursuant to the Creditor's security interest in the Vehicle and which Vehicle allegedly remains in the possession of the Creditor and/or Agent.

It appears that the Debtor has filed his Turnover Motion in an effort to seek turnover of property of the estate pursuant to 11 U.S.C. § 542.  In the Notice and Demand, the Debtor purports to provide notice of the bankruptcy filing and automatic stay to various parties, demands that any auction of the Vehicle be halted and that the Vehicle be preserved, and demands turnover of the Vehicle.  It is not entirely clear whether the Debtor intends, through the Notice, to seek relief from the Court that is separate or different from the relief sought in the Turnover Motion.  However, in either case, Debtor has not provided notice and an opportunity to object to the Turnover Motion or to any relief sought in the Notice and Demand to Creditor (the party which allegedly repossessed the Vehicle and has a security interest in the Vehicle).

It is, therefore,

ORDERED on or before **February 6, 2026,** the Debtor must provide notice of the Turnover Motion to Aurora Credit Union pursuant to Fed. 9013 and L.B.R. 9013-1 (using form L.B.F. 9013-1.1) and serve both the L.B.R. 9013-1 notice and

the Turnover Motion upon Aurora Credit Union pursuant to Fed. R. Bankr. P. 7004(a), (b), and/or (h).

It is FURTHER ORDERED that on or before **February 6, 2026**, the Debtor shall file with the Court a certificate of service showing service of the L.B.R. 9013-1 notice and Turnover Motion consistent with Fed. R. Bankr. P. 9013, L.B.R. 9013-1, and L.B.F. 9013-1.1.   It is

FURTHER ORDERED that, to the extent that the Debtor seeks to obtain relief in the Notice and Demand that is different or separate from the relief sought in the Notice and Demand, then, on or before **February 6, 2026,** the Debtor must provide notice of the Notice and Demand pursuant to Fed. 9013 and L.B.R. 9013-1 (using form L.B.F. 9013-1.1) and serve both the L.B.R. 9013-1 notice and the Notice and Demand upon Aurora Credit Union pursuant to Fed. R. Bankr. P. 7004(a), (b), and/or (h).  It is

FURTHER ORDERED that, to the extent that the Debtor seeks to obtain relief in the Notice and Demand that is different or separate from the relief sought in the Notice and Demand, then, on or before **February 6, 2026**, the Debtor shall file with the Court a certificate of service showing service of the L.B.R. 9013-1 notice and Turnover Motion consistent with Fed. R. Bankr. P. 9013, L.B.R. 9013-1, and L.B.F. 9013-1.1.

**NOTICE IS HEREBY GIVEN** that if the above-referenced deficiencies are not cured on or before the date shown above, the Court may deny the Turnover Motion and any relief sought in the Notice and Demand without further notice to the Debtor.

## Notice to the Debtor

The Debtor should be advised that he might be better served if he were represented by an attorney.  Prosecution of matters in bankruptcy court requires familiarity with the Bankruptcy Code, the Federal Rules of Bankruptcy and Civil Procedure, and the Local Rules of this Court and the interplay among them.  The Bankruptcy Court and its staff are not permitted to advise debtors or other parties about how to proceed.  If the Debtor continues to file matters in this case, the Debtor will be held to the same standard as parties represented by counsel.  However, the Court has recently instituted a *pro se* bankruptcy clinic, staffed by an attorney, at which the Debtor might be able to receive some limited legal advice and assistance at no cost.  The Debtor can obtain additional information about the clinic at cobar.org/bankruptcy or by calling 720-633-8866.  Alternatively, some attorneys might be able to consult with the Debtor for free and might be able to work with the Debtor to determine whether legal fees can be paid through a Chapter 13 plan.  Or, if the Debtor's income is low enough, it is possible that Colorado Legal Services may be able to provide advice or assistance.  Colorado Legal Services can be reached at 1905 Sherman Street, Suite 400, Denver Colorado 80203; telephone number 303-837-1321.  Its website is http://www.coloradolegalservices.org.  Other organizations also might be able to provide

*pro bono* legal services. See https://www.denbar.org/Public/Pro-Bono-Legal-Assistance.

DATED this 30th day of January, 2026.

BY THE COURT:

*[signature]*

Thomas B. McNamara,
United States Bankruptcy Judge